**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JOSE SOBERAL | : | |
| 1311 South Stiles Street | : | |
| Linden, NJ 07036 | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 21-8670 |
| | : | |
| NORFOLK SOUTHERN RAILWAY CO. | : | |
| 100 Franklin Road, S.E. | : | |
| Roanoke, VA   24042 | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, JOSE SOBERAL, by and through his undersigned counsel, and claim of the defendants an amount in excess of the statutory arbitration limits and avers the following:

1.      Plaintiff, JOSE SOBERAL, is an adult individual residing in Linden, NJ.

2.      Defendant, NORFOLK SOUTHERN RAILWAY CO., ("NS") is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the Southern District of New York.

3.      At all times material hereto and for some time prior thereto, Plaintiff JOSE SOBERAL was in the employ of Defendant NS as a Conductor, in furtherance of the carriers'

–1–

business of interstate commerce and transportation by railroad.

4.      At all times material hereto, Defendant NS owned, maintained and operated a railroad yard known as the Suffern Yard, located in or about Suffern, New York.

5.      This action is brought by Plaintiff JOSE SOBERAL against Defendant NS pursuant to the Federal Employers' Liability Act, 45 United States Code §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq., and the Federal Railroad Safety Act, 49 USC §20109 ("FRSA"), which was amended to enhance the oversight measures that improve transparency and accountability of railroad carriers, by ensuring that railroad employees can report their concerns without fear of possible retaliation or discrimination from employers.

6.      This Court has jurisdiction under 28 U.S. Code §1331 as this case against NS arises out of the laws of the United States.

7.      On or about February 7 - 8, 2021, while in the course and scope of his employment for Defendant NS at Defendant's Suffern Yard, Plaintiff worked for hours cleaning and/or clearing off frozen railroad switches in freezing cold conditions.

8.      As a result, of performing said Plaintiff JOSE SOBERAL was caused to sustain severe personal injuries to his extremities, including but not limited to his hands.

## COUNT I

### FEDERAL EMPLOYERS' LIABILITY ACT, 45 UNITED STATES CODE §§51, ET SEQ., THE FEDERAL SAFETY APPLIANCE ACT, 45 U.S.C.A. §§1, ET SEQ., RECODIFIED IN 49 U.S.C.A. §§20301, ET SEQ., AND THE LOCOMOTIVE INSPECTION ACT, 49 U.S.C.A. § 20701

9.      Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 -

8, above, as if set forth at length herein.

10.     Plaintiff JOSE SOBERAL's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of Defendant NS, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment;

(b)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring Plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the Plaintiff with proper equipment in order to perform the duties of his employment;

(d)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the Plaintiff with proper training, instruction and oversight to safely perform the duties of his employment;

(e)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly enforce its own rules;

(f)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly inspect and/or maintain the work at issue;

(g)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place

to work and to perform the duties of his employment by failing to properly train Plaintiff to perform the task at hand;

(h)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly provide Plaintiff with the proper tools to perform the task at hand;

(i)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly oversee and/or manage the work at hand;

(j)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly instruct the Plaintiff on how to perform the task at hand;

(k)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by providing the proper personnel to perform the tasks at hand;

(l)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by improperly maintaining the switches at issue;

(m)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions, as described above, when the Defendant NS knew or should have known that said conditions existed;

(n)     failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide proper manpower;

(o)     failing to use ordinary care to provide safe working conditions;

(p)     failing to use ordinary care to properly inspect and/or maintain the subject switches and/or equipment to ensure that same were in reasonably safe condition;

(q)     failing to comply with governmental and/or other applicable safety regulations and/or guidelines;

(r)     failing to employ the proper personnel to clean and/or clear off the switches;

(s)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as described above;

(t)     failing to warn Plaintiff not to perform said work without using the proper equipment and/or taking the proper safety precautions; and

(u)     failing to provide Plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of dangerous equipment and/or working conditions which posed an unreasonable risk of harm to Plaintiff .

11.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant NS, as more fully set forth above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, Plaintiff suffered injuries to his extremities, including but not limited to his hands and nervous system, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

12.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant NS, as more fully set forth above, Plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

13.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of one the Defendant NS, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

14.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant NS, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

15.     The injuries sustained by Plaintiff were caused solely and proximately by the negligence of the Defendant NS, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendant NS in an amount in excess of the statutory limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

## COUNT II

## FEDERAL RAILROAD SAFETY ACT, 49 USC §20109

16.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 15 above, as if set forth at length herein.

17.     At all times material hereto, and for some time prior thereto, Plaintiff was in the employ of the Defendant NS as a Conductor in furtherance of the carriers' business of interstate commerce and transportation by railroad.

26.     Plaintiff has worked for the Defendant NS since September 21, 2020.

27.     On or about February 7, 2021, Plaintiff was injured while working in his capacity as a Conductor at or near the Defendant's Suffern, Yard, in Suffern, NY.

28.     After reporting his injury, and directly because Plaintiff reported his injury, Plaintiff was the victim of retaliation by Defendant NS.

29.     Because Plaintiff reported his injury, Defendant NS searched for improper and/or illegal reasons to discipline, punish and/or harass the Plaintiff.

30.     Following the incident at issue, obtained medical treatment for his on-the-job injury.

31.     Nevertheless, the railroad dismissed Plaintiff as a result of the incident at issue. Said dismissal, however, was directly related to Plaintiff initial report of an injury at work and the treatment necessary to treat his injuries.

32.     The FRSA's purpose is "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.

33.     To facilitate that purpose, the FRSA prohibits railroad carriers from retaliating

–7–

against employees who engage in certain safety-related protected activities. 49 U.S.C. § 20109.

34.     The FRSA prohibits a railroad from discharging or otherwise discriminating against an employee "if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done ... to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee." 49 U.S.C. § 20109(a)(4).

35.     Defendant NS's dismissal of the Plaintiff was in violation of the FRSA.

36.     Plaintiff has been greatly distressed by the improper and illegal punishment, discharge and/or otherwise discrimination perpetrated upon him by the Defendant NS.

37.     On or about March 8, 2021, Plaintiff brought a complaint pursuant to the FRSA against the Defendant to the Department of Labor relating how the Defendant's actions and practices directly violated the FRSA.

38.     Plaintiff's damages were caused both directly and proximately by the unlawful conduct of the Defendant NS, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but not limited to:

        (a)     improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff;

        (b)     improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff for reporting a work related personal injury;

        (c)     improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff for reporting, in good faith, a hazardous safety or security

condition;

       (d)    improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff by creating hostility and tensions for Plaintiff in the workplace;

       (e)    failing to provide plaintiff with a workplace free from the aforesaid improper and/or illegal conduct and/or actions of supervision.

39.    As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant NS against Plaintiff, Plaintiff has suffered in the past and will continue to suffer into the future significant emotional distress, damage, mental anguish, and humiliation and restriction of his usual activities, pursuits and pleasures.

40.    As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant NS, against Plaintiff, Plaintiff was caused to become unable to perform his former work duties for the Defendant NS.

41.    As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant NS, against Plaintiff, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

42.    On or about October 15, 2021, Plaintiff formally requested that the Department of Labor "kick out" his FRSA complaint in order to allow the Plaintiff to file the instant lawsuit.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court finds that the Defendant NS's actions and practices, as aforesaid, directly violate the FRSA. Plaintiff further requests that the Court Orders the Defendant NS as follows: (1) Immediately cease and desist any and/or all actions punishing, harassing, reprimanding, and/or discriminating against Plaintiff; (2)

Restore Plaintiff to his former position, with the same seniority status, had no discrimination occurred, as set forth at law; (3) Pay to Plaintiff all of his back pay with interest; (4) Pay to the Plaintiff an award for compensatory damages, including compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees; (5) Pay to Plaintiff an award for punitive damages in the amount of $250,000.00. Plaintiff further requests that the Court enter judgement against Defendant NS for such other relief available under the FRSA and such additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated:                                                        New York, NY
                                                              October 22, 2021


_____
Michael H. Zhu, Esquire

Local Counsel
Michael H. Zhu, Esq. PC
225 Broadway, Third Fl
New York, New York 10005
(212) 227-2245
mzhu@mzhulaw.com

Attorneys of Records
BARISH♦ROSENTHAL
1845 Walnut Street, Suite 2350
Philadelphia, PA 19103
(215) 923-8900
srosenthal@barishrosenthal.com

To:    NORFOLK SOUTHERN RAILWAY CO.
       100 Franklin Road, S.E.
       Roanoke, VA   24042